# CASES DETERMINED

IN

# THE SUPREME COURT OF ALABAMA,

## June Term, 1832.

---

### EDWARDS and BONNER *versus* BENHAM & CO.

1. E and B having, by a joint letter, authorised a factor to purchase goods, according to a stated contract, and the purchase being accordingly made; held, that E and B were directly liable to the vendor of the goods for the purchase money.
2. Where A joined B in a letter, ordering the purchase of goods; the fact that the goods were used by B, is no ground of discharge to A—it appearing that the purchase was made on their joint credit.

This was an action of assumpsit in Monroe Circuit court, brought against the plaintiffs in error to recover the value of certain medicines. The articles had been purchased by Robinson, the agent of the defendants in the action, in conformity with a letter of the latter, requesting the same. The letter, required the purchase to be made on a particular credit; and it was accordingly made of the defendants in error.

It was insisted, on the trial below, that there could be no recovery had by the plaintiffs below—for that there was no privity between the defendants and the plaintiffs, and they moved the court to exclude the

letter, ordering the goods, because that was authority to Robinson; but the court admitted the letter to be read in evidence—which was excepted to.

Bonner, one of the defendants, also resisted a recovery against himself, alleging that the medicines were for the use of Edwards alone : but the jury gave the plaintiffs a verdict, to reverse which a writ of · error was taken to this court.

SAFFOLD, J.—The plaintiffs in error as defendants in the court below, were declared against in assumpsit for medicines sold and delivered to them by the then plaintiffs, H. P. Benham & Co.

Issue having been joined between the parties on non-assumpsit, a trial was had, when, as appears from a bill of exceptions, the only evidence introduced was a letter signed by said Edwards and Bonner jointly, dated May, 1825, directed to Gurdon Robinson, requesting him to purchase of an apothecary a quantity of medicine therein described, on a credit until the 25th December then next: it was also stated in the letter " that for further security of the amount you will find Dr. John Bonner's signature."

From the bill of exceptions it further appears that the defendants admitted the receipt of the medicines; and the only question made on the trial, was, whether the then defendants were liable to pay the price of the medicines to Benham & Co. or to Gurdon Robinson. This question was raised and decided in no other way than by a motion to exclude the letter from the jury, on the objection as to liability, and by the motion being overruled by the court.

Verdict and judgment having been rendered in favor of Benham & Co. for the amount of their ac-

count, and error prosecuted, the following causes are now assigned.

1. That the Circuit court refused to exclude the letter from the jury.

2. No evidence was disclosed, sufficient to charge the security, John Bonner.

From the bill of exceptions, it may be safely inferred, that Benham & Co. having been in possession of the letter, offered it in evidence ; the records shews also, that an account of the articles, in favor of Benham & Co. as the creditors, the receipt of which was admitted, was appended to the writ, as the cause of action. Hence the presumption is, that they were legally entitled to this evidence of the demand ; and the admission of the receipt of the medicines, must be understood to have been an acknowledgment that the articles contained in the account, as having been purchased of Benham & Co. for the use of Edwards and Bonner, or the former alone, on their joint credit, were so purchased by Robinson, as the agent or factor of him or them for whom the purchase was made.

It is true, that at the foot of the account, as appended to the writ, Edwards alone appears to have signed an acknowledgment, that the same was correct. Edwards and Bonner not having been partners, admission of one was not legal evidence against the other. But on this point it does not appear that any question was raised on the trial, or that the Circuit Judge expresses any opinion respecting it. The same may be said relative to the signatures to the letter mentioned. No such objections having been made, they must be presumed to have been waived.

The letter contained, in substance, an authority and request to Robinson, to purchase the medicines in the town of his residence, on the most reasonable terms, and on a credit—in other words, of such persons as would furnish them on the best terms, on the credit of the writers of the letter. The purchase having been thus made by Robinson, in the name of Edwards and Bonner, as their agent or factor, the legal effect is the same as if made by them in person. Nor can the promise be viewed, even in reference to Bonner, as a promise to pay the debt of another; for though the medicine may have been intended for Edwards alone, the purchase was authorised, and in fact made, on their joint credit as original debtors.

The result of these views, is, that there was no error in refusing to exclude the letter from the jury; nor in any opinion of the court as respects the joint liability of the original defendants—consequently, the judgment must be affirmed.